IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DAVID BARRERA, SALVADOR BARRERA** § <br> **MARIA ELENA BARRERA, AND** § <br> **AUDREY SERVIN** § <br> **Plaintiff,** § <br> § <br> § <br> **v.** § <br> § <br> **THE CITY OF SAN ANTONIO, TEXAS** § <br> **THE SAN ANTONIO POLICE DEMARTMENT** § <br> **OFFICER D. TOBIAS** § <br> **OFFICER C. RODRIGUEZ** § <br> **Defendants.** § | **CIVIL ACTION NO. 5:19-cv-01272** <br><br><br><br> **JURY TRIAL DEMANDED** |

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

NOW COMES **DAVID BARRERA, SALVADOR BARRERA MARIA ELENA BARRERA, AND AUDREY SERVIN** Plaintiffs, complaining of Defendants, the **CITY OF SAN ANTONIO, TEXAS, AND THE SAN ANTONIO POLICE DEPARTMENT ("SAPD")**, by and through its agent and servant, (SAPD) **POLICE OFFICER D. TOBIAS** and (SAPD) **POLICE OFFICER C. RODRIGUEZ**, both sued Individually and in their official capacity as San Antonio Police Officers, and for cause would show the Honorable Court as follows:

**I.**

1.      This is an action brought by the Plaintiff against Defendants The City of San Antonio, Texas, more particularly the San Antonio Police Department, San Antonio Police Officer D. Tobias, and San Antonio Police Officer C. Rodriguez, for the use of excessive and deadly force resulting in the unlawful shooting of David Barrera under the color of law in violation of his individual rights under the Fourth Amendment of the United States Constitution and in violation of his civil rights pursuant to 42 U.S.C. § 1983.

2. Plaintiff alleges that San Antonio Police Officer D. Tobias, and San Antonio Police Officer C. Rodriguez, the City of San Antonio, Texas ("City of San Antonio"), its policymakers, specifically the San Antonio City Council, Mayor Ron Nirenberg and Chief of Police Willian McManus have engaged in the use of excessive force and/or deadly force, including San Antonio Police Officers' repeated pattern or practice of such acts.

3. Plaintiff would show that The Policymakers, specifically the San Antonio City Council, Mayor Nirenberg and Chief of Police McManus had a duty, but failed to implement and/or enforce policies, practices and procedures for the SAPD that respected the constitutional rights of David Barrera, Parents and Girlfriend to assistance and protection.

4. Defendant City of San Antonio and its Policymakers, specifically the San Antonio City Council, Mayor Nirenberg and Chief of Police McManus' failure to adequately supervise and discipline Defendants Officers D. Tobias and C. Rodriguez, implement the necessary policies and the implementation of unconstitutional policies caused David Barrera's unwarranted and excruciating physical and mental anguish. Defendants Officers D. Tobias and C. Rodriguez consciously disregarded the rights of Plaintiff, knowing that the Policymakers knowing that the Policymakers would approve and/or ratify their actions.

5. Plaintiff would further show that the defendants defamed the character of Plaintiff David Barrera when San Antonio Chief of Police McManus, made public statements alleging that Plaintiff, David Barrera held a "10-inch butcher knife and charged the officers", forcing the officers to shoot Barrera. Plaintiff would show this is a false statement which the Defendants knew or should have known was false when it was made.

6. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks answers and compensation for damages and use of excessive force and maiming of David Barrera.

## II.
## PARTIES

7. Plaintiff David Barrera is a person of the full age of majority and a resident of Bexar County Texas, appearing by and through the undersigned counsel.

8. Salvador Barrera is a an individual and the father of David Barrera, and a resident of Bexar County Texas, appearing by and through the undersigned counsel.

9. Maria Elena Barrera is a an individual and the mother of David Barrera, and a resident of Bexar County Texas, appearing by and through the undersigned counsel.

10. Audrey Servin Barrera is a an individual and a resident of Bexar County Texas, appearing by and through the undersigned counsel.

11. Defendant the City of San Antonio, Texas is a municipality located in Bexar County, Texas. The City of San Antonio operates the San Antonio Police Department ("BSPD"). The City of San Antonio funds and operates the SAPD, which, along with the San Antonio City Council, the San Antonio Mayor Ron Nirenberg and Chief of Police Willian McManus are responsible for the implementation of the police department's budget, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit.

12. The SAPD is also responsible for preventive, investigative, enforcement as well as emergency mental health crisis intervention services for all citizens of The City of San Antonio.

13. The City of San Antonio through its counsel the San Antonio City Attorney, Office of the City Attorney 506 Dolorosa, San Antonio, TX 78204. Additional service is being made on Mayor Ron Nirenberg at 115 Plaza de Armas, 2nd Floor San Antonio, TX 78205.

14. Defendant D. Tobias is San Antonio Police Officer named as officer involved in the shooting made the basis of this suit and named in Offense Report #SAPD17237181 on October 26, 2017. Defendant Tobias may be served at the San Antonio Police Department at 315 South Santa Rosa San Antonio, TX 78205 or wherever he may be found. He is being sued in his individual and official capacity as an employee of the San Antonio Police Department.

15. Defendant C. Rodriguez is San Antonio Police Officer named as officer involved in the shooting made the basis of this suit and named in Offense Report #SAPD17237181 on October 26, 2017. Defendant Rodriguez may be served at the San Antonio Police Department at 315 South Santa Rosa, San Antonio, TX 78205 or wherever he may be found. He is being sued in his individual and official capacity as an employee of the San Antonio Police Department.

### III.
### JURISDICTION AND VENUE

16. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983, to redress the deprivation of rights, privileges and immunities guaranteed to decedent Jordan Edwards, by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

17. Venue is proper in this court because the causes of action occurred within the Western District of Texas.

### IV.
### FACTS

18. On October 26, 2017, David's father Salvador Barrera arrived at his home around 4 p.m. at his home in the 700 block of Briggs Avenue.

19. Salvador saw that his son, Plaintiff David Barrera was in the process of attempting to commit suicide. David had doused himself with gasoline and was intending to set himself on fire.

20. Plaintiff, Salvador Barrera, struggled with his son to hold and console him.

21. The police were called due to the disturbance.

22. Plaintiffs would show that David Barrera has a well-documented history of mental illness and that the Defendant, San Antonio Police have responded to disturbances at this home on numerous occasions.

23. When the police arrived, Salvador invited the police into his home and requested they assist him in preventing his son from harming himself.

24. Defendants D. Tobias and C. Rodriguez walked up to the second floor where David Barrera, now calm, was sitting in his bedroom.

25. Plaintiffs would show that upon seeing the police, David Barrera became increasingly agitated and ran into a nearby bedroom.

26. Salvador, realizing that David might try to jump out of a window, grabbed hold of his son and tried to again console and restrain him.

27. As Salvador held onto his son, the police stood at the threshold of the doorway and watched, offering no assistance.

28. At no time in this encounter, did David make any attempt to harm or hit his father or anyone else.

29. Inside the bedroom, David tried to reach the window in a further attempt to harm himself.

30. On the far side of the bedroom, Salvador continued to struggle with his son and the Defendants Tobias Rodriguez watched from the hallway at the threshold of the bedroom approximately ten to twelve feet away.

31. As Salvador and David struggled Defendant Tobias deployed his taser on David without warning from across the bedroom.

32. David fell to the floor in pain. David rolled over and attempted to rise to his feet to remove the leads from his body.

33. Defendant Rodriguez, still standing outside the room in the doorway, told Salvador to get out of the way. Salvador, in fact moved away, believing the officers would take control of the situation using appropriate measures.

34. At that moment, Defendant Rodriguez shot the unarmed Plaintiff David Barrera from across the room, two times.

35. Horrified, Salvador yelled to the police, "Don't kill him, don't kill him."

36. When Defendant Tobias recognized that Defendant Rodriguez was shooting, Defendant Tobias dropped the taser and also began shooting the unarmed man.

37. Plaintiff was shot in his torso, back and about the body five times as he lay on the floor.

38. Defendant police officers immediately ordered everyone out of the room and out of the house.

39. Plaintiff would show that the Defendant officers did not check Plaintiff's injuries, did not administer any type of first-aid or life-saving measures.

40. The Defendant officers simply escorted Plaintiff Salvador Barrera, Plaintiff, Maria Elena Barrera and Plaintiff Audrey Servin down the stairs and out of the house.

41. Plaintiff David Barrera was left to bleed out and die alone on the floor of his bedroom.

42. Defendant officers further used this opportunity to stage the room and tamper with evidence at the scene.

43. As the officers came down the stairs, Plaintiff would show that Defendant Rodriguez approached Plaintiff Maria Elena Barrera, patted her on her shoulder; and bragged, "We just killed your son," to David Barrera's horrified mother.

44. When the Emergency Medical Service (EMS) arrived in an ambulance, Defendants Tobias and Rodriguez interfered with the EMS personnel and began to talk and joke with them outside the house in the presence of the witnesses. EMS paramedics were not allowed to immediately enter and assess Plaintiff David Barrera's condition.

45. Plaintiff Audrey Servin would show that she began to yell to the EMS to run and check Plaintiff David Barrera's condition because he was upstairs "dying".

46. Plaintiff Audrey Servin would further show that the Defendant officers told her to be quiet and when she continued to implore the medics to go check on Plaintiff David Barrera, both Plaintiff Audrey Servin and Plaintiff, Salvador Barrera were taken into custody and placed in a police car.

47. When EMS finally went upstairs, they discovered that miraculously Plaintiff was alive.

48. Plaintiff, David Barrera was arrested for aggravated assault on a police officer, accused of "[holding] a "10-inch butcher knife and charging the officers".

49. To Plaintiff's knowledge and belief, the Defendant Officers were relieved of any culpability in the shooting of Plaintiff.

50. Plaintiff David Barrera was held in custody for a period of five months before the charges of aggravated assault were dismissed.

51. As a result of being shot five times Plaintiff David Barrera has suffered severe physical injury and permanent disfigurement and disability.

52. As a result, if being shot five times, Plaintiff, David Barrera has suffered severe mental anguish in the past and permanently.

## IV.
## CAUSES OF ACTION
### Excessive Force by Defendants Eighth Amendment Violation
### All Defendants
### (Individually and in their official capacity)

### COUNT 1
### 42 U.S.C. § 1983

53. Plaintiff incorporates by reference paragraphs 1 through 50 as if fully set forth herein. Plaintiff would show that Defendant Oliver's actions on the occasion in question were wrongful, malicious and reckless in depriving the Defendants of their constitutional rights, as alleged more fully below.

54. Plaintiff would show that at all times material hereto, Defendants Tobias and Rodriguez had a duty to avoid infliction of unjustified bodily injury to Plaintiff David Barrera, to protect his bodily integrity and to not trample on his constitutional rights.

55. Plaintiff would show that Defendants Tobias and Rodriguez failed to act as a reasonable officer would have acted in the same or similar circumstances. That is, Defendant Oliver, without justification and the need to do so, used excessive and deadly force as described above to maim, disfigure and permanently disable Plaintiff David Barrera without legal justification. Plaintiff Barrera never made any threatening gestures toward Defendants Tobias and Rodriguez and did not pose an immediate threat to the safety of Defendants Tobias and Rodriguez or others.

56. Defendants Tobias and Rodriguez was not provoked when they fired multiple shots for no lawful or justifiable reason. The excessive and deadly force used by Defendants was not reasonable, justified nor was it necessary under the circumstances.

57. Defendants Tobias and Rodriguez's actions were not objectively reasonable because they followed a procedure designed to inflict excessive and deadly force in restraining individuals in a nonlife-threatening situation.

58. Plaintiff would show that Defendants Tobias and Rodriguez denied Plaintiff David Barrera his right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

59. The force used by Defendants Tobias and Rodriguez was unnecessary, excessive and unreasonable under the circumstances, as Plaintiff David Barrera did not pose an immediate threat to the safety of Defendants Tobias and Rodriguez or others and the use of such excessive and deadly force was unnecessary.

60. Defendants Tobias and Rodriguez embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused Plaintiff David Barrera to suffer extreme and severe physical, mental and emotional distress, agony and anxiety.

61. As a result of these Constitutional violations to Plaintiff David Barrera and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

**Failure to Train and/or Implement and/or Supervise Proper Policies and Procedures**
**(Defendants City of San Antonio and San Antonio Police Department)**

### COUNT II
### 42 U.S.C. § 1983

62. Plaintiff incorporates regarding paragraphs 1 – 50 as if fully set forth herein. Plaintiff would show that prior to October 26, 2017, the San Antonio Police Department knew or should have known that Defendants Tobias and Rodriguez exhibited a pattern of escalating encounters with the public.

63. Plaintiff would show that prior to October 26, 2017, the San Antonio Police Department knew or should have known that Plaintiff suffered from occasionally erratic psychological mental illness.

64. Plaintiff would show that the San Antonio Police Department requires its officers to take a 40-hour course called Crisis Intervention Training or a similar type training. This particular training helps officers handle mental health crises, de-escalation techniques and how best to interact with someone in a state of psychosis.

65. Defendants Tobias and Rodriguez and other officers at the scene of the shooting incident were acting under color of law and acting pursuant to customs, practices and policies of the City of San Antonio and the SAPD in regards to the use of deadly force as authorized and/or

ratified by the Policymakers, specifically the San Antonio City Council, Mayor Ron Nirenberg and Chief of Police Willian McManus.

66. Plaintiff David Barrera was deprived of rights and privileges secured to him by the United States Constitution and by other laws of the United States, by the City of San Antonio failing to provide proper training, adequate supervision or discipline in dealing with individuals such as David Barrera in violation of 42 U.S.C. §1983 and related provisions of federal law and in violation of the above cited constitutional provisions.

67. With respect to the claims made the basis of this lawsuit, the City of San Antonio and the SAPD failed to adequately train its officers on how to deal with individuals in mental crisis, de-escalation and alternatives to the use of deadly force. The failure to train its officers reflects a deliberate indifference by the City of San Antonio, the San Antonio City Council, Mayor and Chief of Police to the rights of the City's inhabitants and is actionable under 42 U.S.C. § 1983.

68. With respect to the claims made the basis of this lawsuit, the City of San Antonio and the SAPD failed to adequately implement policies on how to effectively deal with individuals in mental crisis, de-escalation and alternatives to the use of deadly force. The failure to adequately implement policies reflects a deliberate indifference by the City of San Antonio, the San Antonio City Council, Mayor and Chief of Police to the rights of the City's inhabitants and is actionable under 42 U.S.C. § 1983.

69. The City of San Antonio, Texas ("City of San Antonio"), Mayor Ron Nirenberg and Chief of Police Willian McManus' failure to adequately supervise San Antonio Police Officers in the implementation of an adequate policy on how to deal with individuals with mental health issues and alternatives to the use of deadly force reflects deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that officers would use

excessive or deadly force on mentally ill citizens and made the violations of Plaintiff David Barrera's constitutional rights, including his death, a reasonable probability.

70. Plaintiff would show that the Defendants' actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures and a toxic police culture for which the city of San Antonio, SAPD, and Chief of Police under the direction of the San Antonio City Council knew or should have known but never provided the requisite and proper training.

71. On information and belief, Defendant the City of San Antonio, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of David Barrera failed to implement and/or enforce the policies, procedures; and practices necessary to provide constitutionally adequate protection and assistance to David Barrera during his struggle to survive and implemented policies, procedures, and practices which actually interfered with or prevented with or prevented David Barrera from receiving the protection, assistance and care he deserved.

72. For instance, the following conduct, policies, and customs, inter alia, by Defendants violated David Barrera's constitutional rights:

    a. the City of San Antonio and SAPD's failure to adequately train, supervise or discipline its officers who commit a wrongful act or attempt to cover-up a wrongful act of a fellow officer;

    b. Defendants' maintain an inadequate policy on the proper use of deadly force and alternatives thereto;

    c. Defendants' inadequate training on how to deal with individuals with mental illness or special needs;

  d. Using deadly force against Plaintiff David Barrera while he was unarmed;

  e. Using deadly force against Plaintiff David Barrera although he posed no immediate threat;

  f. Maintaining a culture of police corruption that allowed police officers feel that could act with impunity through a pattern or practice of failing to adequately discipline and expurgate officers who violate policies and procedures.

73. In addition, Defendant City of San Antonio and SAPD, as applicable, failed and refused to implement customs, policies, practices or procedures, and failed to train its personnel adequately on the appropriate policies, practices or procedures regarding the proper use of deadly force. In so doing, Defendant City of San Antonio knew that it was acting against the clear dictates of current law and knew that as a direct consequence of their deliberate decisions, the very situation that occurred -- i.e., the shooting of David Barrera-- in all reasonable probability would occur.

74. The City of San Antonio's failure to properly train and discipline its officers was the proximate cause of the violations of the Plaintiffs' constitutional rights.

**Unlawful Arrest and Malicious Prosecution**
**(All Defendants)**
**(Individually and in their official capacity)**

### COUNT III

75. Plaintiffs incorporate by reference paragraphs 1 through 60 as if fully set forth herein.

76. San Antonio Police officers, acting under color of law, unlawfully detained shot Plaintiff David Barrera then charged him with aggravated assault with a deadly weapon. David was detained at the hospital as he recovered from his wounds, then further detained in the Bexar County Jail for several months.

77. Plaintiff would show that the charge against he was false and without probable cause, or reasonable suspicion that any violation or crime had been committed.

78. Plaintiff would further show that this detention violated David Barrera's right to due process, to equal protection, and gives rise to claims pursuant to the Fourth Amendment to the Constitution of the United States and 42. U.S.C. §1983, and their counterparts in the Texas Constitution.

79. The officers' conduct was well defined by law and they knew or should have known that the conduct was below the standard prescribed bylaw herein.

80. As a result of the violations of the Constitutional standards set forth herein, Girlfriend was treated inhumanely and incurred extreme pain and injury when he was wrongfully detained for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

**Intentional Infliction of Emotional Distress**
**Bystander Injury**
**(All Defendants)**
**(Individually and in official capacity)**

### COUNT IV

81. Plaintiffs incorporate by reference paragraphs l through 68 as if fully set out herein.

82. Salvador Barrera was within Defendant Officer Rodriguez's line of fire when he shot David Barrera multiple times. As well, Audrey Servin was in close proximity and both saw David Barrera suffer from the multiple gunshot wounds. From the wrongful and Salvador Barrera and Audrey Servin were traumatized and in shock and have suffered direct personal injury in the form of mental anguish and severe emotional distress.

83. Concurrently, Plaintiff Maria Elena Barrera was in the home and heard the commotion upstairs as her son was wrongfully shot by Defendants Tobias and Rodriguez.

84. As Plaintiff Maria Elena Barrera waited downstairs, Defendant Rodriguez came down the stairs, approached her, touched her shoulder and bragged, "I just killed your son", in a harsh in caring act of taunting.

85. Plaintiff Maria Elena Barrera would further show that she suffered severe emotional distress as the San Antonio police officer, Defendant C. Rodriguez seemed to take pried in having killed her son. Furthermore, Plaintiff Maria Elena Barrera continued to suffer from severe emotional distress, nightmares, and continued distressing thoughts from the trauma inflicted by Defendant C. Rodriguez.

86. As a direct and proximate result of the shooting David in their presence, Salvador Barrera and Audrey Servin all seek compensation as set forth more specifically in the section of this Complaint entitled "Damages."

87. As a direct and proximate result of the callous and intentionally hurtful treatment of Maria Elena Barrera by Defendant C. Rodriguez, Plaintiff Maria Elena Barrera seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

**Failure to Discipline and Ratification**
**COUNT V**

88. Plaintiff incorporates by reference paragraphs 1 through 71 as if fully set forth herein.

89. Following the shooting of David Barrera, Plaintiff was arrested and charged with attacking On Plaintiff's governmental liability claim against the City of San Antonio for failing to supervise or discipline its officers for prior violations and the resulting lack of supervision:

    a. the City of San Antonio failed to adequately supervise and/or discipline its employees in handling usual and recurring situations with which they deal;

    b. the City of San Antonio was deliberately indifferent to the need to supervise and/or discipline its officers and/or employees adequately; and

   c.  the failure to adequately supervise and/or discipline its officers proximately caused the deprivation of Jordan Edwards' constitutional rights.

90. As a direct and proximate result of the City of Balch Spring's failure to adequately supervise or discipline its officers, Plaintiff has suffered damages.

91. Plaintiff incorporates by reference paragraphs 1 through 74 as if fully set forth herein. Additionally, and in the alternative, the conduct of Defendant Oliver was done with malice. As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Edwards' rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages are awarded against Defendant Oliver in a sum which is within the jurisdictional limits of this court.

**Defamation of Character
False Imprisonment
COUNT VI**

92. Plaintiff incorporates by reference paragraphs 1 through 71 as if fully set forth herein.

93. Plaintiff would show that the defendants defamed the character of Plaintiff David Barrera when Police Officer D. Tobias and Officer C. Rodriguez wrote a in their report of the shooting at issue here, that Plaintiff attacked the officers with a large knife thereby forcing the officered to defend themselves; a statement that proved to be false.

94. Plaintiff would further show that the defendants defamed the character of Plaintiff David Barrera when San Antonio Chief of Police McManus, made public statements alleging that Plaintiff, David Barrera held a "10-inch butcher knife and charged the officers", forcing the

officers to shoot Barrera. Plaintiff would show this is a false statement which the Defendants knew or should have known was false when it was made.

95.     Plaintiff would show that the false statements that Plaintiff had attacked the police with a knife were a deliberate attempt by the San Antonio Police Department, to absolve itself of liability in the wrongful shooting of David Barrera.

96.     As a further result of the false statements from the Defendants, Plaintiff was arrested and charged with aggravated assault on a police officer and held in jail for nearly months.

97.     As a direct result of the false statements of the Defendant, Plaintiff's character and good name were and caused Plaintiff harm.

98.     As a further result of the false statements from the Defendants, Plaintiff was falsely imprisoned for assaulting police officers when it was known by the Defendants that Plaintiff has not assaulted police officers.

## V.
## DAMAGES ALL DEFENDANTS

99.     Plaintiff incorporates by reference paragraphs 1 through 85 as if fully set forth herein. Defendants' acts and/or omissions were a proximate cause of the following Injuries suffered by Plaintiff and decedent:

    a.     Actual damages;

    b.     Loss of affection, consortium, comfort, financial assistance, protection, affection and care;

    c.     Pain and suffering and mental anguish suffered by Edwards prior to his death;

    d.     Mental anguish and emotional distress suffered by Plaintiff;

  e. Loss of quality of life;

  f. Loss of service;

  h. Loss of future earnings and contributions to Plaintiff;

  i. Exemplary and punitive damages as well as costs of court;

  j. Pursuant to 42 U.S.C. §1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

  k. Prejudgment interest; and

  l. Post judgment interest.

100. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## VI.
## COSTS AND ATTORNEY FEES

101. Plaintiff incorporates by reference paragraphs 1 through 87 as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b). As such, Plaintiff requests the Court to award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## VII.
## JOINT AND SEVERAL LIABILITY

102. Plaintiff incorporates by reference paragraphs 1 through 88 as if fully set forth herein. Plaintiff would show that the Defendants were jointly and severally liable for the gross negligence, which was the proximate cause of Plaintiff's injuries.

## VIII.
## CONDITIONS PRECEDENT

103. Plaintiff reserves his rights to plead and prove the damages to which they are entitled to at the time of trial. All conditions to Plaintiff's recovery have been performed or have occurred.

## VX.
## TRIAL BY JURY

104. Plaintiff has paid a jury fee and demands trial by jury.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

Diogu Law Firm, PLLC

By: ___/s/ Diogu Kalu Diogu, II_
Diogu Kalu Diogu, II
TBN: 24000340
P.O. Box 994
Fulshear, TX 77441
Phone: 713-791-3225
Diogu.diogu.law.firm@gmail.com

and

T. J. Solomon Law Group, PLLC

By: *Tanika J. Solomon*
Tanika J. Solomon
Texas Bar No. 24055713
Email: attorney @tjsololaw.com
2120 Welch Street
Houston, Texas 77019
Tel. (713) 640-5956
Fax. (713) 640-5944)

Attorneys for David Barerra